05-21515.oa

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-21515 CIV Cooke

JEFFREY GOLDSTEIN,

    Plaintiff,

vs.

CENTOCOR

    Defendant.

_____/

### ORDER DENYING MOTION TO STRIKE GOLDSTEIN AFFIDAVIT

This matter is before this Court on Defendant's Motion to Strike ...Affidavit of ...Goldstein..., filed November 20, 2006. The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

The Court finds that, while there is some merit to portions of this motion, it, and the response and reply, seem more interested in arguing summary judgment issues than in addressing the actual affidavit, itself. Defendant argues that the affidavit manufactures issues and contradicts the affiants prior testimony, citing <u>Van T. Junkins and Associates, Inc. v. U.S. Industries, Inc.</u>, 736 F. 2d 656 (11th cir. 1984). However, that case actually deals with a direct contradiction that the Court noted by stating "[W]hen a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony". <u>Id</u> at 657. While the citation is an accurate one,

its application to these facts is not quite as clear as the law. Indeed, the Eleventh Circuit has also cautioned that this rule should be used "sparingly because of the harsh effect this rule may have on a party's case". <u>Rollins v. TechSouth, Inc.</u>, 833 F. 2d 1525,1530 (11th Cir. 1987).

Defendant suggests this rule should be extended to include an affidavit that expands "on deposition testimony in subject matters or areas to which doors were closed at the deposition" (page 2 of the motion). There are numerous problems with this suggestion: (1) the law cited as purportedly supporting this claim does not do so; (2) there is no showing of any "closed doors" in this motion; and (3) there is no rule known to this Court that states that when a deposition question is asked, you must respond with everything you know on the subject or be forever barred from later disclosure.

Additionally, the motion claims that the affidavit somehow contradicts some answers to interrogatories, but never states the interrogatories (other than "nos. 12 and 16")...much less the answers thereto. The motion does state that said interrogatories "pertain to the subject matters" from paragraphs 4 and 19 of the affidavit at issue. The motion does not state anything that would give this Court a basis for granting the relief sought...unless, perhaps, the interrogatories stated "tell us everything you know about [subject matter]".

In any event, there are some issues of inconsistency between the affidavit and other testimony. Striking the affidavit would be excessive. Attacking the affidavit piecemeal would be more appropriate, but is unnecessary. The inconsistencies are there for the Court to note and to give the affidavit the weight the Court will find appropriate.

Therefore, for the reasons stated herein, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that said motion be and the same is

hereby **DENIED**.

**DONE AND ORDERED** this 22nd day of December, 2006 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE