05-21515.o1

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-21515 CIV Cooke

JEFFREY GOLDSTEIN,

   Plaintiff,

vs.

CENTOCOR

   Defendant.

_____/

## ORDER RE: PLAINTIFF'S MOTION TO STRIKE AND/OR LIMIT

This matter is before this Court on Plaintiff's Motion to Strike and/or Limit Defendant's Expert Witnesses..., filed September 28, 2006. The Court has considered the motion, the response, the reply, and all pertinent materials in the file. In addition, the Court requested some additional information from the parties which was submitted.

First addressing the issue of Dr. Camus. Plaintiff wants this Court to strike him as an expert for defendant on the basis that at least one, and perhaps two, of plaintiff's doctors had discussions with Dr. Camus regarding plaintiff.

Plaintiff cites no authority for this relief except the Hippocratic Oath, and some patient confidentiality statutes. Plaintiff concedes " a dearth of direct law on this issue" and claims this is because it's "a unique occurrence that the Defendant has hired one of Plaintiff's medical consultants" (page 9 of the motion). This Court accepts the "dearth of authority" claim, but rejects the reasons for same. Based on the record before this Court, there is no "doctor/patient" relationship between plaintiff and Dr. Camus,

1

and there never was. The doctor did not violate any confidentiality, as one can't violate a relationship that one doesn't even know one has.

The record before this Court suggests that the plaintiff's name was first given to the doctor by defendant ... not by plaintiff or any of his doctors. No law has been cited that any "reference material" utilized by a plaintiff's treating or consulting doctors is off limits to defendant and/or is protected by some sort of confidentiality or privilege. What Dr. Camus did in this case was to do orally, what might just as well been done via the internet, or by consulting a text.

Plaintiff confuses confidentiality with the use of an expert in a legal case. This Court finds no fault with the references to the Florida Statutes re: confidentiality and/or the Hippocratic oath, which would absolutely prohibit Dr. Camus from revealing anything coming with that gambit learned from plaintiff. The problem is - there's nothing that fits that description. It is uncontroverted that Dr. Camus never spoke to plaintiff, never reviewed plaintiff's records, never reviewed plaintiff's x-rays, slides, tissue, or anything else for that matter. Dr. Camus can't violate the Hippocratic oath or any confidentiality statute in this case if he never had anything of a confidential nature to withhold. Where is the law cited that if, for example, a treating doctor calls another specialist and gives him/her a "hypothetical set of facts/symptoms/findings", a different party cannot hire that doctor as an expert...or - as more closely resembling this case, a doctor calls another and says "I have a patient exhibiting these symptoms- what would you suggest?"

Furthermore, nowhere did plaintiff identify Dr. Camus as one of "his" doctors, despite having numerous opportunities to do so. He left it to defendant to search through each and every piece of paper produced to find the information, and now relies on defendant's discovery of same as a basis for this motion...despite the fact that Dr. Camus appears in the records only as a casual reference. Defendant has spent time and money on this expert. That, in and of itself, is irrelevant to the issue. However, who was

medical literature" (page 6 of the response). On the other hand, "Dr. Benjamin will explain...based on his review of plaintiff's radiographs" (page 6 of the response). There is no suggestion that Dr. Epler could not review plaintiff's radiographs or that Dr. Benjamin could not review the medical literature. The clear suggestion is that defendant wants to tell the jury that "not one, not two, but three pulmonologists have told you....". While this is quite understandable, it will not be permitted.

This Court does not believe it can elect which expert defendant will call, as between Dr. Epler and Dr. Benjamin. However, since Dr. Benjamin is local and Dr. Epler is not, and since Dr. Benjamin has been deposed and Dr. Benjamin has not, if defendant selects Dr. Epler, he must be made available for deposition, within twenty (20) days from the date of this order. Furthermore, all reasonable costs of the taking of the deposition shall be initially borne by defendant[2]. This includes any reasonable expenses (but not attorney's fees) that plaintiff incurs (such as plane fare, hotel, etc.). To that extent, and that extent only, the motion to limit is **GRANTED**.

Plaintiff has requested that discovery be reopened to allow the deposition(s) of any experts permitted pursuant to this order to testify. This request is also **GRANTED** as to Dr. Camus. Every effort is to be made to depose the doctor, if plaintiff wishes to, within thirty (30) days from the date of this order. The expense provisions, supra, are not applicable to the taking of this deposition.

**DONE AND ORDERED** this 3RD day of January, 2007 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

---

[2] To be later taxed as costs if appropriate.

in a better position to avoid this? The Court finds that, if indeed, Dr. Camus was really a treating or consulting physician, plaintiff was in the better position to have listed him as such when given the opportunity. For all of these reasons, the motion to strike is **DENIED**.

The next issue is the number of defense experts. There is no rule that if plaintiff has only one expert, defendant is allowed only one or visa versa. However, the Court is charged with eliminating or reducing duplicative experts and/or testimony. Defendant has listed three pulmonologists. Despite the best of attempts to distinguish them, defendant fails "the duck test"[1], particularly as it applies to Drs. Epler and Benjamin.

Defendant claims "their credentials are different" (page 6 of the response). Defendant goes on to state that "Dr. Epler is a pulmonary and critical care specialist...He is board certified in pulmonary disease and internal medicine". (pages 6-7 of the response). Dr. Benjamin, apparently on the other hand, is "board certified in internal medicine, pulmonary disease and critical care" (page 7 of the response). Somehow, this Court is having a difficult time (to be polite) ascertaining the difference in their credentials. Yes, Dr. Camus apparently also has credentials in the cardiovascular area which distinguishes him from the other two, but that's the best that can be viewed in a light most favorable to defendant. Therefore, either Dr. Epler or Dr. Benjamin will be excluded.

Defendant further relies on the fact that these experts will provide different opinions from one another. That argument is not persuasive. By that reasoning, defendant could be permitted twenty pulmonologists.

Nowhere in the response does it explain that one of these doctors has any particular expertise that the other does not. Defendant states that "Dr. Epler will describe ... based on Dr. Epler's review of the

---

[1] If it looks like a duck, swims like a duck, quacks like a duck etc. - no matter what you want to call it - it's still a duck.

3