05-21515.og

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 05-21515 CIV Cooke/Brown

JEFFREY GOLDSTEIN,

    Plaintiff,

vs.

CENTOCOR, INC.,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before this Court on Defendant's Motion for Summary Judgment (DE 38). The Court has considered the motion, the response, the reply, Plaintiff's Response to Order to Show Cause and Motion for Continuance filed June 4, 2007, and all pertinent materials in the file.

### Facts and Discussion

The purpose of summary judgment is "to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56 advisory committee's note). Summary judgment is proper only when no genuine issue as to any material fact exists and the moving party is entitled to a judgment as a matter of law. Info. Sys. & Networks Corp. v. City of Atlanta, 281 F.3d 1220, 1224 (11th Cir. 2002).

The moving party bears the initial burden of explaining to the Court the basis for the motion and identifying those portions of the record that demonstrate that there is no genuine issue of material fact. United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991). Thus the

1

movant must either show that the nonmoving party has no evidence to support its case, or present "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." Id. at 1438; Young v. City of Augusta, 59 F.3d 1160, 1170 (11th Cir. 1995). If the movant is able to demonstrate either of the aforementioned requirements, the burden shifts to the nonmoving party to show that a genuine issue remains for trial. Cotton v. Cracker Barrel Old Country Store, Inc., 434 F.3d 1227, 1231 (11th Cir. 2006).

As accurately stated by Defendant, in order for Plaintiff to establish liability on any of his three causes of action (negligent failure to warn, strict liability and intentional failure to warn) Plaintiff must establish that Remicade proximately caused his pulmonary fibrosis. See Chikovsky v. Ortho Pharmaceutical Corp., 832 F. Supp. 341 (S.D. Fla. 1993); Edgar v. Danek Med., Inc., No. 96-2451-CIV-T-24A, 1999 WL 1054864, at **5-6 (M.D. Fla. Mar. 31, 1999). The Eleventh Circuit Court of Appeals has stated that "[t]oxic tort cases ... are won or lost on the strength of the scientific evidence presented to prove causation." Rink v. Cheminova, 400 F.3d 1286, 1297 (11th Cir. 2005) (quoting Rider v. Sandoz Pharms. Corp., 295 F.3d 1194, 1197 (11th Cir. 2002)). The only expert testimony offered by Plaintiff on the issue of causation was that of Plaintiff's expert witness, Douglas Pohl, M.D., Ph.D., which has been stricken by the Court in its prior Order on Defendant's Motion in Limine.

In Rink, the Court found that where the district court had "properly executed its gatekeeper function under *Daubert*" by excluding the plaintiff's expert witnesses on causation, and "sufficient evidence of causation was lacking without the expert testimony," summary judgment was properly granted. Id. at 1297. Here, other than Dr. Pohl's testimony, Plaintiff's only other evidence as to causation consists of the tissue samples which indicated pulmonary fibrosis (cause unspecified) and treating physicians who speculated that disease could have been caused by either Crohn's disease or possibly Remicade. As in Rink, without the testimony of his expert, Plaintiff's evidence to support

his claim of proximate cause is lacking. Plaintiff concedes this fact in Plaintiff's Response to Order to Show Cause and Motion for Continuance, wherein he states that he "cannot proceed to trial" without the testimony of Dr. Pohl. Resp. p. 2.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment is hereby **GRANTED**.

**DONE AND ORDERED** this 6th day of June, 2007 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE